### No. 64.

STATE *ex rel.* B. R. FORMAN *v.* CITY OF NEW ORLEANS.

1. The moneys of the City of New Orleans are to be received and disbursed according to law, and the sheriff cannot be required to administer or disburse any portion thereof which may be in his hands.
2. Where a person has obtained a judgment against the City of New Orleans declaring a certain thing, for which it is responsible, to be a nuisance, and ordering the sheriff to abate it, that officer has the same power to remove it as he would have were the municipal corporation not the defendant.
3. Therefore, the relator in this case has already an adequate remedy, and cannot invoke the writ of mandamus.

*Appeal from the Sixth District Court. Rightor, Judge.*

*B. R. Forman* for relator.
*Samuel P. Blanc* for respondent.

ROGERS, J.—On the 15th of December, 1877, the relator

obtained a judgment commanding the Mayor and Adminis-
trators of the City of New Orleans to cause to be removed the
banks of earth, through the entire width of Murat street, at
the intersection of Orleans street, on both sides of the Orleans
Canal, to the level of the Metairie Ridge, and to construct a
good and suitable bridge across said canal, at the intersection
of Murat street, of the full width of Murat street, so as to
restore to the use of said Murat street the free and unob-
structed use of plaintiff and the public from Canal street to
the City Park, at an expense not to exceed five hundred dol-
lars, and that the same be done and completed within thirty
days after signing this judgment; and in default thereof, that
said street be opened and bridge constructed, as above decreed
by the sheriff at the expense and cost of the City of New
Orleans.

This judgment was not appealed from and is, therefore, final.
The city authorities have failed to obey the decree, and the
relator having sought to obtain an obedience by petitions and
solicitations, instituted the present action to compel the civil
sheriff to execute the judgment rendered in 1877, and retain
for such purpose a sufficient sum out of any and all moneys
that may come into his hands and belonging to the City of
New Orleans, this order was granted by the lower court.

The judgment is erroneous, because the moneys of the City
of New Orleans have been dedicated by law to certain pur-
poses, and are received and disbursed in accordance with ex-
press law, and to place the administration of its affairs with
the sheriff, however limited that administration, would be
illegal. While we believe that the conduct of the city officials
in this matter has been reprehensible, and the record offers no
excuse, we cannot look with favor upon the character of the
relief sought by relator. There are, under the city charter, cer-
tain administrators charged with particular public duties. In
this matter the city answers, the Administrator of Improve-
ments is charged with the superintendence and repair of streets.
If it is his duty to execute the judgment, we have no doubt he

is sufficiently amenable to the law. Further, the relator has obtained a final judgment, and the means of its execution are in his hands, inasmuch as the sheriff can no more refuse to abate the nuisance complained of in this case than he could refuse to obey any other judgment of a court, and the writ of mandamus can only be invoked in default of other adequate remedy. C. P. 830.

Judgment reversed. Mandamus refused.

Rehearing refused.